**FILED**
**MARCH 7, 2008**
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT



IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

United States of America ex rel.

CHAD WAHL
(Full name and prison number)
(Include name under which convicted)

PETITIONER

vs.

GREG SIMS , WARDEN
(Warden, Superintendent, or authorized person having custody of petitioner)

RESPONDENT, and

(Fill in the following blank **only** if judgment attacked imposes a sentence to commence in the future)

ATTORNEY GENERAL OF THE STATE OF _____
(State where judgment entered)

08CV1383
JUDGE LEFKOW
MAG.JUDGE COX

Case Number of State Court Conviction:

93 CF 1410

## PETITION FOR WRIT OF HABEAS CORPUS – PERSON IN STATE CUSTODY

1. Name and location of court where conviction entered: KANE COUNTY CIRCUIT COURT, 540 S. RANDALL RD., SAINT CHARLES, ILLINOIS, 60174

2. Date of judgment of conviction: NOVEMBER 15, 1993

3. Offense(s) of which petitioner was convicted (list all counts with indictment numbers, if known)
   93 CF 1410 SIX COUNTS OF AGG. CRIMINAL SEXUAL ABUSE, ONE COUNT ATTEMPTED AGG. CRIMINAL SEXUAL ASSUALT, ONE COUNT AGGRAVATED CRIMINAL SEXUAL ASSAULT

4. Sentence(s) imposed: 41 YEARS

5. What was your plea? (Check one)   (A) Not guilty    (X)
                                      (B) Guilty        ( )
                                      (C) Nolo contendere ( )

If you pleaded guilty to one count or indictment and not guilty to another count or indictment, give details:

Revised: 7/20/05

**PART I – TRIAL AND DIRECT REVIEW**

1. Kind of trial: (Check one):  Jury (X)  Judge only ( )

2. Did you testify at trial?  YES (x)  NO ( )

3. Did you appeal from the conviction or the sentence imposed? YES (x) NO ( )

   (A) If you appealed, give the

   (1) Name of court: Illinois Second Judicial Appellate Court

   (2) Result: Conviction affirmed

   (3) Date of ruling: December 12, 1996

   (4) Issues raised: An alleged out of court statement to the arresting officer in petitioners case. (see People vs. Wahl 285 Ill. App. 3d 288(1996).

   (B) If you did not appeal, explain briefly why not: _____

4. Did you appeal, or seek leave to appeal, to the highest state court? YES (X) NO ( )

   (A) If yes, give the

   (1) Result: Cert. denied

   (2) Date of ruling: 1997

   (3) Issues raised: Same as in Direct Appeal

   (B) If no, why not: _____

5. Did you petition the United States Supreme Court for a writ of *certiorari*? Yes ( ) No (x)

   If yes, give (A) date of petition: _____ (B) date *certiorari* was denied: _____

Revised: 7/20/05

**PART II – COLLATERAL PROCEEDINGS**

1. With respect to this conviction or sentence, have you filed a post-conviction petition in state court?

   YES ( x )　NO ( )

   With respect to *each* post-conviction petition give the following information (use additional sheets if necessary):

   A. Name of court: __Kane County Illinois Circuit court__

   B. Date of filing: __January 21, 1997__

   C. Issues raised: __Inaffective Assistance of Trial Council, Testimoney supported by an alleged expert witness when the complaintent is over the age of 13 at the time of trial.__

   D. Did you receive an evidentiary hearing on your petition?　YES ( )　NO (x)

   E. What was the court's ruling? __dismissed__

   F. Date of court's ruling: __October 29, 1999__

   G. Did you appeal from the ruling on your petition?　YES (x)　NO ( )

   H. (a)　If yes, (1) what was the result? __Affirmed__

   　　　　(2) date of decision: __March 1, 2001__

   　　(b)　If no, explain briefly why not: ____

   I. Did you appeal, or seek leave to appeal this decision to the highest state court?

   　　YES ( x )　NO ( )

   　　(a)　If yes, (1) what was the result? __Illinois Supreme Court Denied Cert.__

   　　　　(2) date of decision: __2002__

   　　(b)　If no, explain briefly why not: ____

## PART II -- COLLATERAL PROCEEDINGS

1. With respect to this conviction or sentence, have you filed a post-conviction petition in state court?

   YES (X)   NO ( )

   With respect to *each* post-conviction petition give the following information (use additional sheets if necessary):

   A. Name of court: __CIRCUIT COURT OF KANE COUNTY ILLINOIS__

   B. Date of filing: __SEPTEMBER 24, 1999 (SECOND POST-CONVICTION PETITION)__ AMENDED OCTOBER 14, 2003

   C. Issues raised: __NON-JURISDICTION BASED UPON NEWLY DISCOVERED CASE LAW DEVELOPED WHILE PETITIONERS OTHER REMEDIES WERE BEING HEARD AND COULD NOT BE AMENDED. PLAINTIFFS CLASS X FELONY WAS NOT A CLASS X FELONY UNDER ILLINOIS LAW.__

   D. Did you receive an evidentiary hearing on your petition?   YES ( )   NO (X)

   E. What was the court's ruling? __DENIED__

   F. Date of court's ruling: __NOVEMBER 8, 2004__

   G. Did you appeal from the ruling on your petition?   YES (X)   NO ( )

   H. (a) If yes,   (1) what was the result? __AFFIRMED__

   (2) date of decision: __OCTOBER 24, 2006__

   (b) If no, explain briefly why not: _____

   I. Did you appeal, or seek leave to appeal this decision to the highest state court?

   YES (X) NO ( )  ILLINOIS SUPREME COURT

   (a) If yes,   (1) what was the result? __HEARING DENIED__

   (2) date of decision: __MARCH 1, 2007__

   (b) If no, explain briefly why not: _____

2. With respect to this conviction or sentence, have you filed a petition in a **state court** using any other form of post-conviction procedure, such as *coram nobis* or habeas corpus?   YES ( )   NO ( x )

   A. If yes, give the following information with respect to each proceeding (use separate sheets if necessary):

   1. Nature of proceeding        _____
   2. Date petition filed         _____
   3. Ruling on the petition      _____
   4. Date of ruling              _____
   5. If you appealed, what was the ruling on appeal?   _____
   6. Date of ruling on appeal    _____
   7. If there was a further appeal, what was the ruling?   _____
   8. Date of ruling on appeal    _____

3. With respect to this conviction or sentence, have you filed a previous petition for habeas corpus in **federal court**?   YES ( )   NO (x)

   A. If yes, give name of court, case title and case number: _____

   B. Did the court rule on your petition? If so, state

      (1) Ruling: _____
      (2) Date:   _____

4. With respect to this conviction or sentence, are there legal proceedings pending in any court, other than this petition?   YES ( )   NO ( x )

   If yes, explain: _____

## PART III – PETITIONER'S CLAIMS

1. State briefly every ground on which you claim that you are being held unlawfully. Summarize briefly the facts supporting each ground. You may attach additional pages stating additional grounds and supporting facts. If you fail to set forth all grounds in this petition, you may be barred from presenting additional grounds later.

**BEFORE PROCEEDING IN THE FEDERAL COURT, YOU MUST ORDINARILY FIRST EXHAUST YOUR STATE COURT REMEDIES WITH RESPECT TO EACH GROUND FOR RELIEF ASSERTED.**

(A) Ground one  A finger "on" the anus of a person is not an act of
Supporting facts (tell your story briefly without citing cases or law):
sexual penetration. Thus any indictment for Aggravated Criminal Sexual Assualt alleging an act of penetration by ones finger only touching the anus on the outside does not constitute the intrusion into the anal cavity of the complaintent. The petitioner was accused and convicted of placing his finger "on" the anus of Jesse Croff and charged with a Class X feloney under Illinois law. His indictment is void. The charge against plaintiff is a violation of his 14th, 8th, and 6th amendment rights under the U.S. Constitution and the Illinois State Constitution.

(B) Ground two  Petitioners Class X feloney conviction of Aggravated
Supporting facts:  Criminal Sexual Assualt must be overturned as the court had no jurisdiction over petitioner to charge him with that particular offense, of placing his finger "on" the anus of the complaintent and no other elements were used to support any further conduct on Count 13 of the petitioners charges. Where, under our system of justice even a theif is entitled to complain he has been unconstitutionally convicted and imprisoned as a burglar. Jury in petitioners case did not realize that Petitioners conviction of Class X felony did not carry the same sentence as a Class Two feloney of Aggravated Criminal Sexual Abuse. Plaintiffs rights were violated under the U.S. Constitution and the Illinois State Constitution.

(C) Ground three <u>Under Illinois Law, a void indictment may be raised at</u>
Supporting facts: <u>anytime. Petitioners appeals on his Class X indictment</u>
of Aggravated Criminal Sexual Assualt, for placing his finger "on" the
<u>anus of Jesse Croff, the complaintent on Count 13, may be proven under</u>
the auspiciousness of the States claim of being a correct indictment and
~~using technocalities to continuelessly deny petitioners argument that~~
Class X felony is void, A constitutional claim is still stated as it
~~would be a manifest injustice to punish a person for one crime on the~~
justification that he was proved to have committed a different cime

that carries a different penalty then the crime he was convicted of
~~and really should have been charged with. Where the rest of Petitioner~~s
indictments that alleged the same conduct where defined as Class Two

felonies under Illinois Law. This violates the plaintiffs rights under the
~~U.S. Constitution and the State of Illinois Constitution,~~ 14th, 8th, 6th amd

(D) Ground four <u>Testimoney concerning Petitioners alleged conduct against</u>
Supporting facts: Jesse Croff are irrelavant when deciding if indictment
is void and conduct is proven on indictment. Where the State is Prohibited

in using any alleged testimoney to bolster its claim that indictment is

not void and thus confusing the court on applicable case law and violating

constitutional rights of the accused, by stating that the indictment on

Count 13 of the accused is "sound" and should be upheld and where the

jury could have found the petitioner guilty of an act of sexual penatration

of Jesse Croff, but instead chose an indictment that only alleged touching.
This violates the defendants  14th, 8th, 6th amd. under the U.S.A.C. and
State of Illinois Constitution.

2. Have all grounds raised in this petition been presented to the highest court having jurisdiction?

    YES (X)   NO ( )

3. If you answered "NO" to question (2), state <u>briefly</u> what grounds were not so presented and why not:

Ground five  Under Illinois law, courts have determined that mere touch-
Supporting Facts: touching of the anus on the outside by a finger does not constitute sexual penetration. Petitioners Count 13 on his muti-count indictment is void as it alleges an offense that does not constitute a act of sexual penetration and thus holding petitioner accountable for a charge that does not exsist in the context the State presents violates the constitutional rights of the petitioner under the Federal and Illinois Constitutions. 14th, 8th, 6th, amendments.

Ground six  PLAINTIFFS rights were violated when plaintiff was in custody
Supporting Facts:

appointed counsel, and given a bond amount; then arresting officer tried to interrogate plaintiff after attending hearing himself, and trying to ellicit statements from plaintiff after he (the arresting officer) had attended hearing of plaintiffs appointment of counsel and bond hearing which was given in front of judge who proceded over plaintiffs trial. The arresting officer then tried to interogate and use plaintiffs responses to him as "ammunition" to bolster case against plaintiff, even though plaintiff never signed any waiver of rights, informed officer that he had an attorney and did not want to talk to officer, and wher plaintiff was taken to a room in the basement of the county jail and told to sit against the wall (in a chair) and was unallowed to leave until arresting officer let plaintiff return to his cell. This violated the plaintiffs rights under the U.S. Constitution, 14th, 8th, 5th, amend as well as articles under the Illinois State Constitution.

Ground seven  PLAINTIFFS rights were violated when Plaintiff made

Supporting Facts: made accusations against arresting officer of molesting children at group home where plaintiff was employed, and where officer was "investigating" alleged complaints of molestation by former employees and plaintiff was not allowed to establish this fact to jury and make a proper defense by alleging material facts that would/could have helped his defense. All plaintiff could do is get on the stand and deny ever abusing any child in any way shape or form, and where the plaintiff should have been allowed to present evidence that he and arresting officer had many clashes prior to plaintiffs arrest. Trial court imporoperly denied the defendants affirmative defense . This violated the Plaintiffs rights under the U.S. Constitution and the State of Illinois Constituions 14th, 8th, 6th, 5th amendments.

6 A

**PART IV – REPRESENTATION**

Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein:

(A) At preliminary hearing __Mark Fuller__

(B) At arraignment and plea __Mark Fuller__

(C) At trial __Mark Fuller__

(D) At sentencing __Mark Fuller__

(E) On appeal __Thomas LIllian, State Appellate Defenders Office__

(F) In any post-conviction proceeding __Kathleen Zellner__ (1st Amended Post Conviction)

(G) Other (state): __Jason Vincent (2nd Post Conviction Petition)__

**PART V – FUTURE SENTENCE**

Do you have any future sentence to serve following the sentence imposed by this conviction?

YES ( )   NO ( x )

Name and location of the court which imposed the sentence: _____

Date and length of sentence to be served in the future _____

WHEREFORE, petitioner prays that the court grant petitioner all relief to which he may be entitled in this proceeding.

Signed on: __2-19-08__
(Date)

_Chad Wahl_
Signature of attorney (if any)

**I declare under penalty of perjury that the foregoing is true and correct.**

_____
(Signature of petitioner)

B-52827
(I.D. Number)

P.o.Box 900, Taylorville, Illinois, 62568
(Address)