IN THE
UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA ex rel. CHAD WAHL, | ) ) ) | |
| Petitioner, | ) ) | |
| v. | ) ) | No. 08 C 1383 |
| GREG SIMS, Warden, Taylorville Correctional Center, | ) ) ) | The Honorable Joan H. Lefkow, |
| Respondent. | ) | Judge Presiding. |

## MOTION TO DISMISS

Pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. § 2244(d)(1)(A), and this Court's order of February 22, 2008, respondent GREG SIMS, Warden of the Taylorville Correctional Center, moves this Court to dismiss the above-captioned Petition for Writ of Habeas Corpus, and states as follows:

1. Petitioner Chad Wahl, identified as prisoner B52827, is incarcerated at the Taylorville Correctional Center in Taylorville, Illinois, where he is in the custody of respondent Greg Sims, the warden of that facility.

2. In December 2000, following a jury trial in the Circuit Court of Kane County, petitioner was convicted of six counts of aggravated criminal sexual abuse, one count of aggravated criminal sexual assault, and one count of attempted aggravated criminal sexual assault. Exhibit A (*People v. Wahl*, 674 N.E.2d 454

(Ill.App. 1996)). The trial court imposed consecutive sentences of 4 years' imprisonment for each aggravated criminal sexual abuse conviction, 10 years' imprisonment for the aggravated criminal sexual assault conviction, and 7 years' imprisonment for the attempted aggravated criminal sexual assault conviction. *Id.*

3. The state appellate court affirmed the judgment of conviction and sentence on December 12, 1996. *Id.* Petitioner filed a petition for leave to appeal (PLA) that the Illinois Supreme Court denied on April 2, 1997. Exhibit B (Order Denying PLA, No. 82674 (Ill. 1997)). Petitioner did not file a petition for a writ of certiorari to the United States Supreme Court. Pet. at 2.

4. On January 21, 1997, prior to his conviction becoming final for purposes of 28 U.S.C. § 2244(d)(1), petitioner filed a pro se postconviction petition pursuant to 725 ILCS 5/122-1, *et seq.*, in the Circuit Court of Kane County. Exhibit C (First Postconviction petition, *People v. Wahl*, No. 93 CF 1410, Circuit Court of Kane County). The trial court dismissed the postconviction petition, and the state appellate court affirmed on March 5, 2001. Exhibit D (Rule 23 Order, *People v. Wahl*, No. 2-99-1370 (Ill.App. 2001)). Petitioner filed a postconviction PLA that was denied on June 29, 2001. Exhibit E (Order Denying PLA, *People v. Wahl*, No. 91490 (Ill. 2001)).

5. On September 24, 1999, while his appeal from the dismissal of his first postconviction was pending, it appears that petitioner attempted to file a second pro se postconviction petition. For unknown reasons, this second petition was never docketed. Exhibit F (Second postconviction petition, *People v. Wahl*, 93 CF 1410,

Circuit Court of Kane County). It was not until October 2003, when counsel for petitioner filed an amended petition, that his second postconviction petition was docketed and adjudicated on the merits. Exhibit G (Rule 23 Order, *People v. Wahl*, No. 2-05-1215 (Ill.App. 2006)). Petitioner timely appealed the trial court's judgment dismissing his amended petition, and the state appellate court affirmed on October 24, 2006. Exh. G. Petitioner filed a PLA that was denied on January 24, 2007. Exhibit H (Order Denying PLA, No. 103760 (Ill. 2007)).

6. The above-captioned petition for a writ of habeas corpus, filed under 28 U.S.C. § 2254(d), was signed by petitioner on February 19, 2008, the earliest date on which petitioner could have mailed it from his correctional institution.[1] Giving petitioner the benefit of the doubt, the petition was "filed" on that date. *See, e.g., Jones v. Bertrand*, 171 F.3d 499, 501 (7th Cir. 1999).

7. The instant petition raises the following claims:

　　A. the State failed to prove sexual penetration — an element of aggravated criminal sexual assault — beyond a reasonable doubt, *see* Pet. at 5, 6A (Grounds One and Five);

　　B. the jury was not informed that aggravated criminal sexual assault is punishable as a Class X felony, while aggravated criminal sexual abuse is punishable as a Class 2 felony, *see* Pet. at 5 (Ground Two);

　　C. the thirteenth count of the indictment, charging aggravated criminal sexual assault, was void because it only alleged touching, and failed to allege sexual penetration of the victim, *see* Pet. at 6 (Grounds Three and Four);

---

[1] Rule 3(d) of the Rules Governing Section 2254 Cases in the United States District Courts sets forth the "mailbox rule" applicable to pro se habeas filings. Because petitioner does not state whether postage was prepaid, respondent cannot discern whether petitioner complied with Rule 3(d).

    D. petitioner's right to counsel was violated by the arresting officer's interrogation after petitioner requested an attorney, *see* Pet. at 6A (Ground Six); and

    E. petitioner did not receive a fair trial because the trial court prevented him from presenting evidence that he had a longstanding hostile relationship with the investigating officers in the case. *See* Pet. at 6A (Ground Seven).

8. On March 25, 2008, this Court ordered respondent to answer or otherwise plead to the petition.[2] (Doc. 7). That order, which is consistent with Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, contemplates that respondent may file a motion to dismiss. *See* Advisory Committee Notes to Rule 5, 2004 Amendments (Rule 4 permits the filing of pre-answer motions to dismiss, and "reflects the view that if the court does not dismiss the petition, it may require (or permit) the respondent to file a motion."). Accordingly, respondent files this motion.

9. The following materials are being filed under separate cover as exhibits to this motion:

Exhibit A:    *People v. Wahl*, 674 N.E.2d 454 (Ill.App. 1996);

Exhibit B:    Order, *People v. Wahl*, No. 82674 (Ill. 1997);

Exhibit C:    First Postconviction petition, *People v. Wahl*, No. 93 CF 1410, Circuit Court of Kane County;

Exhibit D:    Rule 23 Order, *People v. Wahl*, No. 2-99-1370 (Ill.App. 2001);

Exhibit E:    Order, *People v. Wahl*, No. 91490 (Ill. 2001);

---

[2] This Court subsequently granted respondent's motion for extension of time until May 15, 2008 to file a responsive pleading. (Doc. 12).

4

Exhibit F:    Second postconviction petition, *People v. Wahl*, 93 CF 1410, Circuit Court of Kane County;

Exhibit G:    Rule 23 Order, *People v. Wahl*, No. 2-05-1215 (Ill.App. 2006); and

Exhibit H:    Order, *People v. Wahl*, No. 103760 (Ill. 2007).

## The Petition is Time-Barred

10. Petitioner's § 2254 petition should be dismissed, with prejudice, as time-barred under 28 U.S.C. § 2244(d)(1). Under this provision, the statute of limitations begins to run from the latest of four possible dates: (1) the date on which the judgment became final by the conclusion of direct review or the expiration of the time to seek review (§ 2244(d)(1)(A)); (2) the date on which the impediment to filing an application is removed, if the impediment is created by state action in violation of the Constitution or laws of the United States and the defendant was prevented from filing by that state action (§ 2244(d)(1)(B)); (3) the date on which the Constitutional right asserted by the petitioner was acknowledged by the Supreme Court and made retroactive to cases on collateral review (§ 2244(d)(1)(C)); or (4) the date on which the factual predicate for the claim or claims could have been discovered through due diligence (§ 2244(d)(1)(A)). *See* 28 U.S.C. § 2244(d)(1)(A)-(D).

11. Petitioner has not demonstrated that his time limit is governed by any of the events listed in § 2244(d)(1)(B)-(D), nor do the claims asserted in his habeas petition trigger those subsections. The petition refers to "newly-discovered

caselaw," *see* Pet. 3A, but only in describing a claim in his state postconviction petition. All of petitioner's claims are based on "old" evidence that was known to him at the time of trial, and the factual and legal bases of these claims have been fully litigated in state court. *See* Exhs. D, G. Since the factual predicate of the instant claims were discovered, or could have been discovered with due diligence, prior to his conviction becoming final on July 2, 1997, § 2244(d)(1)(A) governs the start of the limitations period.

12. Petitioner's conviction became final on July 2, 1997, ninety days after the Illinois Supreme Court denied his PLA, when his time expired to seek review in the United States Supreme Court. *See Anderson v. Litscher*, 281 F.3d 672, 674 (7th Cir. 2002). However, petitioner initiated postconviction proceedings prior to his conviction becoming final, and respondent assumes for purposes of this motion, that those proceedings were properly filed and were pending until January 24, 2007, when the Illinois Supreme Court denied petitioner's second postconviction PLA. *See Lawrence v. Florida*, 127 S. Ct. 1079, 1083 (2007).

13. The petition incorrectly states that his second postconviction PLA was denied on March 1, 2007, the date the Illinois Supreme Court's mandate issued. Pet. at 3A. The correct date is January 24, 2007 because, under Illinois law, a judgment is final on the date it is entered, not the date the mandate issues. *Gildon v. Bowen*, 384 F.3d 883, 887 (7th Cir. 2004) ("This court has noted in the past that the judgment of an Illinois Court of Appeals is final on the day it is entered. Therefore, [petitioner's] State post-conviction proceedings became final when the

6

judgment was entered") (citing *Wilson v. Battles*, 302 F.3d 745, 747 (7th Cir. 2002)). Thus, the § 2244(d)(2) tolling period ended on January 24, 2007, not March 1, 2007.

14. The earliest date on which the instant petition was filed is February 19, 2008. Thus, even giving petitioner the benefit of the doubt with respect to tolling under § 2244(d)(2), 391 days lapsed between the start of the limitations period and the filing of the instant petition, and the petition is untimely by 26 days. *See* 28 U.S.C. § 2244(d)(1) ("A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.").

15. Although the § 2244(d) limitations period may, in extraordinary circumstances, be subject to equitable tolling, *Williams v. Sims*, 390 F.3d 958, 959 (7th Cir. 2004), petitioner has not alleged, nor could he demonstrate, that equitable tolling is warranted. Under the common law doctrine, equitable tolling is available only if the plaintiff has been pursuing his rights diligently and an external impediment has prevented a complaint from being timely filed. *See, e.g., Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005) ("Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way"); *accord, e.g., Williams*, 390 F.3d at 960.

16. Petitioner has not pursued his rights diligently; he offers no excuse for his delay in filing a federal habeas petition after the conclusion of his multiple postconviction proceedings. Furthermore, petitioner has not identified any

"extraordinary circumstances" that prevented him from timely filing a habeas petition. The facts stated in support of petitioner's habeas claims do not suggest that petitioner was prevented from filing a federal habeas petition within the limitations period. Even if this Court credits his claims of newly-discovered evidence, any such discovery occurred prior to the conclusion of his state postconviction proceedings, and thus do not explain why he waited more than a year following the conclusion of those state proceedings to file a federal habeas petition.

17.    Petitioner's erroneous belief that the date of the mandate, not the date judgment was entered, triggered the onset of the limitations period is insufficient to warrant equitable tolling for two reasons. First, a diligent litigant files on the earliest possible deadline, not the latest. *See United States v. Marcello*, 212 F.3d 1005, 1010 (7th Cir. 2000). Second, erroneous calculations are not "extraordinary circumstances" that prevent timely filing. *See, e.g., United States ex rel. Wages v. Hulick*, 508 F.Supp.2d 660, 662 (N.D. Ill. 2007); *see also Williams*, 390 F.3d at 963 (even reasonable mistakes of law are not grounds for equitable tolling).

18.    Affording petitioner the full benefit of the statutory tolling rules and the "mailbox rule," his habeas petition was still filed 26 days after the limitations period expired. Petitioner is not entitled to equitable tolling because he has not set forth evidence that he diligently pursued his rights or that an extraordinary circumstance stood in the way of his filing a federal habeas petition. Accordingly, this Court should dismiss the instant petition with prejudice.

## **Conclusion**

This Court should dismiss the instant petition with prejudice. If the Court holds that petitioner's habeas petition is not time-barred under AEDPA, respondent respectfully requests 30 days from the Court's order denying this motion to address the merits and/or the procedural defaults of petitioner's claims in a subsequent submission.

April 30, 2008                                   Respectfully submitted,

                                            LISA MADIGAN
                                            Attorney General of Illinois

                             By:   s/Eric W. Truett
                                            ERIC W. TRUETT, Bar # 6291213
                                            Assistant Attorney General
                                            100 W. Randolph Street, 12th Floor
                                            Chicago, Illinois 60601-3218
                                            PHONE: (312) 814-4684
                                            FAX: (312) 814-2253
                                            E-MAIL: etruett@atg.state.il.us

CERTIFICATE OF SERVICE

I hereby certify than on April 30, 2008, I electronically filed respondent's **MOTION TO DISMISS** with the Clerk of the United States District Court for the Northern District of Illinois, Eastern Division, using the CM/ECF system; and I hereby certify that on the same date, I mailed by United States Postal Service the above-referenced motion to the following non-registered party:

Chad Wahl, B-52827
Taylorville Correctional Center
Route 29 South
P.O. Box 900
Taylorville, Il 62568

                                          Respectfully submitted,

                                          LISA MADIGAN
                                          Attorney General of Illinois

By:  s/Eric W. Truett
        ERIC W. TRUETT, Bar # 6291213
        Assistant Attorney General
        100 W. Randolph Street, 12th Floor
        Chicago, Illinois 60601-3218
        PHONE: (312) 814-4684
        FAX: (312) 814-2253
        E-MAIL: etruett@atg.state.il.us