IN THE

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTREN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA ex. rel. CHAD WAHL, | ) ) ) | |
| PETITIONER, | ) ) ) | |
| V. | ) ) | CASE NO. 08 C 1383 |
| GREG SIMS, WARDEN TAYLORVILLE CORRECTIONAL CENTER, | ) ) ) ) | THE HONORABLE JOAN H. LEFKOW, JUDGE PRESIDING. |
| RESPONDENT. | ) | |

FILED
JUL 7 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

**PETITIONERS RESPONSE TO RESPODENTS MOTION TO DISMISS**

NOW COMES THE PETITIONER CHAD WAHL, PRO SE WITH HIS "RESPONSE TO RESPONDENTS MOTION TO DISMISS," AS ORDERED BY THIS COURT. THE PETITIONER ADDRESSES THE RESPONDENTS CLAIMS IN THE NUMERICAL ORDER AS THEY ARE OUTLINED IN THE RESPONDENTS MOTION TO DISMISS; THE PETITIONER ASSERTS THE FOLLOWING:

1. PETITIONER AGREES WITH RESPONDENTS CLAIM AS TO PARAGRAPH ONE.

2. PETITIONER AGREES WITH RESPONDENTS CLAIM IN-PART AS TO PARAGRAPH TWO, WITH THE EXCEPTION OF;
   PETITIONER WAS CONVICTED IN A JURY TRIAL ON NOVEMBER 15, 1993. PETITIONER ASSUMES THIS TO BE A TYPO, AS HE DID NOT GO TO TRIAL ON DECEMBER 2000.

3. PETITIONER AGREES WITH RESPONDENTS CLAIM AS TO PARAGRAPH THREE.

4. PETITIONER AGREES WITH RESPONDENTS CLAIM AS TO PARAGRAPH FOUR.

5.  PETITIONER AGREES WITH RESPONDENTS CLAIM AS TO PARAGRAPH FIVE.

6.  PETITIONER AGREES IN-PART WITH RESPONDENTS CLAIM IN PARAGRAPH SIX IN THAT;
    POSTAGE WAS PAYED THROUGH THE USE OF THE MONEY-VOUCHER SYSTEM EMPLOYED THROUGHOUT THE ILLINOIS DEPARTMENT OF CORRECTIONS, FOR USE IN SUCH SITUATIONS WHEN EXTRA POSTAGE MUST BE ADDED TO A LETTER OR PACKAGE. THE AMOUNT OF POSTAGE IS THEN DEDUCTED FROM THAT PARTICULAR INMATES TRUST FUND ACCOUNT TO COVER THE COST OF POSTAGE. THIS ALSO APPLIES TO COPIES AS WELL.

7.  PETITIONER AGREES WITH RESPONDENTS CLAIMS IN SUB-PARAGRAPHS; A,B, D, AND E.  ON CLAIM C PETITIONER ASSERTS THAT KANE COUNTY, ILLINOIS IN ACCORDANCE WITH 28 USCS 2254 (E)(4)(7) LACKED SUBJECT MATTER JURISDICTION OVER COUNT 13 OF PETITIONERS CHARGES, THUS CREATING A VOID INDICTMENT. ILLINOIS LAW IS CLEAR, "WHERE PROOF ESTABLISHES AN OFFENSE SO DIFFERENT, SEPERATE, AND DISTINCT THAT IT CANNOT BE INCLUDED IN THE OFFENSE CHARGED, THERE CAN BE NO CONVICTION OF THE OFFENSE PROVED UNDER SUCH A CHARGE," **PEOPLE VS. ASBURY** 272 ILL. 571, **PEOPLE VS. BAYLOR** 25 ILL. APP. 3D 1070, **PEOPLE VS. GEE** 18 ILL. APP. 3D 1058, **PEOPLE VS SZYMEZAK** 116 ILL. APP. 2D 384, THE PETITIONER WAS CONVICTED OF A CLASS X FELONEY WHICH CARRIES A MANDATORY SENTENCE OF 6-30 YEARS IN THE ILL. DEPT. OF CORRECTIONS. HE WAS INDICTED AND RE-INDICTED SEVERAL TIMES UNTIL THE RESPONDENTS (KANE COUNTY STATES ATTORNEY) THOUGHT THEY HAD THE CHARGES CORRECT. PETITIONER FACED NUMEROUS OFFENSES BUT WAS CONVICTED OF ONLY EIGHT. PETITIONERS COUNT 13 IS CLEARLY VOID AS IT DOES NOT PROVE AN ACT OF THE MAGNITUDE THAT WOULD RESULT IN A CLASS X CONVICTION UNDER ILLINOIS LAW. PETITIONER BELIEVES HE WILL BE ABLE TO PROVE THIS TO THE COURT IF HE IS ALLOWED TO PROCEDE WITH HIS HABEAS CORPUS CLAIM. (SEE **EXHIBIT ONE- COUNT 13 INDICTMENT**)

8.  PETITIONER AGREES WITH RESPONDENTS CLAIM AS TO PARAGRAPH EIGHT.

9.  PETITIONER AGREES WITH RESPONDENTS EXHIBITS INCLUDED IN RESPONDENTS CLAIM IN PARAGRAPH NINE.

ALLEGED TIME BARRING ISSUE

10. PETITIONER SHOULD NOT EVEN HAVE TO ENTERTAIN THE RESPONDENTS MYTH OF TARDINESS, AS THIS SEEMS TO BE FAVORITE THEME OVERLY USED BY THE STATE TO DEPRIVE CONSTITUTIONAL RIGHTS OF PETITIONERS. BUT IN AN EFFORT TO SHOW PETITIONERS DUE DILLIGENCE, HE WILL DO SO ANYWAY..

PETITIONER, EVEN BY RESPONDENTS OWN ORDER OF EVENTS (SEE ARGUEMENT 9 OF RESPONDENTS MOTION TO DISMISS) SHOULD SHOW THIS COURT THAT HE HAS BEEN MORE THEN DILLIGENT IN TRYING TO GET HIS "SIMPLE" CLAIMS HEARD BY A COURT OF COMPETENT JURISDICTION.

PETITIONER TRIED TO HIRE AN ATTORNEY RIGHT AFTER HIS FINAL ORDER FROM THE ILLINOIS SUPREME COURT (CAUSE NO. 103760). AFTER SEVERAL MONTHS OF SEARCHING, PETITIONERS FAMILY FOUND AN ATTORNEY FROM CHICAGO NAMED THOMAS PETERS, IN JUNE 2007. IT SHOULD ALSO BE NOTED THAT PETITIONERS FAMILY LIVES NEARLY 200 MILES FROM THE CITY OF CHICAGO, ILLINOIS. SO THE PHONE IS THE OBNLY CONTACT PETITIONER AND HIS FAMILY HAVE WITH ANYONE IN CHICAGO, BESIDES LETTERS. FOR SOME REASON FINDING A FEDERAL ATTORNEY AFFORDABLE ENOUGH FOR THE COMMON FOLK OF THE STATE OF ILLINOIS IS A NEARLY IMPOSSABLE TASK, ESPECIALLY ONE THAT PRACTICES FEDERAL LAW AND DOES NOT CHARGE $450 AN HOUR OR MORE. MOST OF THE PETITIONERS INQUIREIES RESULTED IN SUMS OF NEARLY $100,000. CLEARLY IMPOSSBLE FOR A FACTORY FAMILY TO COME UP WITH.

PETITIONER HAS ALREADY EXHAUSTED NEARLY ALL OF HIS FAMILIES RESOURCES TO TRY AND GET COMPETENT COUNSEL FOR HIM. PETITIONER THROUGH ALL OF THAT, HAS ALWAYS HAD SOMETHING IN THE COURTS TO EXHAUST HIS REMEDIES. HE IS NOW READY TO PROCEDE IN THE FEDERAL COURTS.

PETITIONER IN NO WAY HAS EVER BEEN TARDY OR SHOWN A LACK OF INTEREST IN HIS CASE, OR A LACK OF WILLINGNESS TO KEEP ABREAST OF ANY FILING DEADLINES. HE HAS ALWAYS MAINTAINED A GOOD RECORD FOR FILING AND HAS ASKED FOR VERY FEW CONTINUANCES. PETITIONER WOULD EVEN CONSIDER IT A MINOR INSULT AS TO ALL HE HAS ALREADY BEEN THROUGH FOR SUCH AN ACCUSATION FROM THE RESPONDENT OR FOR THE RESPONDENT TO EVEN MAKE SUCH A WASTE OF RESOURCES ON THIS COURT TO CHALLENGE PETITIONERS HABE AS "TIME-BARRED" WHEN A VOID INDICTMENT MAY BE CHALLENGED AT ANY TIME. THUS, PETITIONER CAN NEVER BE TIME BARRED.

11. PETITIONER DISAGREES IN-PART TO RESPONDENTS CLAIM IN PARAGRAPH 11. PETITIONER IS CHALLENGEING A VOID INDICTMENT/JUDGMENT AS TO COUNT THIRTEEN OF HIS CAUSE. THE PETITIONER HAS <u>NEVER</u> MENTIONED ANYTHING ABOUT NEWLY DISCOVERED EVIDENCE IN HIS PETITION. RESPONDENT ARGUEMENT IS MOOT.

12. PETITIONER DISAGREES IN-PART WITH RESPONDENTS CLAIM IN PARAGRAPH 12.

   EVEN IF PETITIONER IS ALLEGEDLY WRONG IN ANY WAY AS TO SO CALLED FILING DATES. HE IS CHALLENGEING COUNT 13 (SEE EXHIBIT 1) AS A VOID INDICTMENT, WHICH MAY BE CHALLENGED AT ANY TIME. AGAIN, RESPONDENTS ASSERTION IS GROUNDLESS.

13. PETITIONER DISAGREES WITH RESPONDENTS CLAIM IN PARARGRAPH 13.

   PETITIONER IS CHALLENGING A VOID INDICTMENT/JUDGMENT, THUS RESPONDENTS ARGUEMENT IS POINTLESS AND GROUNDLESS.

14. PETITIONER DISAGREES WITH RESPONDENTS CLAIM IN PARARGRAPH 14.

   AS STATED IN ALL THE CLAIMS ABOVE, RESPONDENTS ASSERTIONS ARE POINTLESS. THIS IS A CHALLENGE TO COUNT 13 OF THE PETITIONERS CHARGES **(SEE EXHIBIT ONE)**.

15. PETITIONER DISAGREES WITH RESPONDENT CLAIM IN PARAGRAPH 15.

   AS MENTIONED IN PARAGRAPH 10 OF PETITIONERS REPLY, HE HAS TRIED TO FIND COUNSEL TO REPRESENT HIM. EVEN THOUGH "TIME-BAR" HAS NO BARING TO PETITIONERS CLAIM, HE WOULD ADD FOR THE RECORD, THAT HE TRIED MORE THEN DILIGENTLY TO CONTACT AN ATTORNEY AS WELL **(SEE EXHIBIT TWO- COLLECTIVELY)**. WHEN HE THOUGHT THAT HE HAD ONE SECURED, PETITIONERS TRANSCRIPTS, PRE TRIAL AND POST TRIAL MOTIONS AND ALL OF PETITIONERS APPEAL BRIEFS SAT FOR NEARLY EIGHT MONTHS IN EXHIBIT TWO'S OFFICE. PETITIONER AND HIS FAMILY THOUGHT MR. THOMAS PETERS WOULD GET BACK IN TOUCH WITH PETITIONER AS TO HIS CLAIMS, ONE BEING THIS VOID INDICTMENT ON COUNT THIRTEEN. (READ ON).

16. PETITIONER DISAGREES WITH RESPONDENTS CLAIM IN PARAGRAPH 16.

AS SEEN IN **(EXHIBIT TWO-COLLECTIVELY)**, PETITIONER DOES NOT NEED AN EXCUSE TO SHOW THAT HE AND HIS FAMILY TOOK MORE THEN ENOUGH STEPS TO OBTAIN COUNSEL. PETITIONERS WHOLE CASE FILE (SEVERAL LARGE BOXES WORTH) SAT IN MR. THOMAS PETERS OFFICE FOR MONTHS. WHILE ATTORNEY PETERS SUPPOSEDLY READ THROUGH PETITIONERS CASE TO SEE IF THERE WAS ANY ERRORS. PETITIONER AND HIS FAMILY, AFTER PETERS OCTOBER 8, 2007 LETTER **(SEE EXHIBIT TWO-COLLECTIVELY)**, PETITIONER TRIED BY PHONE TO CONTACT ATTORNEY PETERS ON THE FOLLOWING DATES TO FIND OUT THE STATUS ON PETITIONER'S CASE.

| DATE | # OF CALLS MADE |
|---|---|
| 10/29/07 | 2 |
| 10/30/07 | 1 |
| 10/31/07 | 2 |
| 11/14/07 | 1 |
| 11/15/07 | 3 |
| 11/26/07 | 1 |
| 11/28/07 | 1 |
| 12/17/07 | 1 |

A TOTAL OF TWELVE TIMES THE PETITIONER TRIED TO CONTACT ATTORNEY PETERS. THIS DOES NOT INCLUDE THE LETTERS PETITIONER WROTE OR THE PHONE CALLS HIS FAMILY TRIED TO MAKE TO HIS OFFICE. PETITIONER HAS MORE THEN DEMONSTRATED HIS DILIGENCE IN MAINTAINING A PRESENCE OVER HIS CASE. DUE TO BEING LED ON BY ATTORNEY PETERS, PETITIONER WAS FORCED TO "CRAM" A LOT OF CRAZY LAW INTO HIS HEAD JUST TO REPRESENT HIMSELF PRO SE FOR THIS PETITION. PETITIONERS FAMILY HAS TRIED TO CONTACT OTHER ATTORNEYS, BUT MOST DO NOT PRACTICE FEDERAL LAW, WON'T RETURN CALLS TO PETITIONERS FAMILY, OR ARE SO EXPENSIVE THEIR IS NO HUMANLY POSSIBLE WAY IN THIS ECONOMY THAT PETITIONER COULD AFFORD THEM. SO, EVEN IF RESPONDENTS CLAIM IS CLOSE TO BEING A CORRECT ONE, IT IS STILL MOOT AS A VOID INDICTMENT MAY BE ATTACKED AT ANY TIME.

17. PETITIONER DISAGREES WITH RESPONDENTS CLAIM IN PARAGRAPH 17.

AGAIN AND EXHAUSTIVELY STATED, RESPONDENT MISLEADS THIS COURT WITH THE TIME-BAR NONSENSE AND NEWLY DISCOVERED EVIDENCE STUFF. PETITIONER NEVER ALLEGED "NEWLY DISCOVERED EVIDENCE" IN HIS PETITION. SO, RESPONDENTS CLAIM IN PARAGRAPH 17 OF HIS "MOTION

TO DISMISS," IS MOOT AND WORTHLESS.

18. PETITIONER DISAGREES WITH RESPONDENTS CLAIM IN PARAGRAPH 18.

THE TOLLING RULES WILL NOT APPLY IN THIS CASE IF PETITIONER IS ALLOWED TO BRIEF THE MERITS OF HIS HABEAS CORPUS PETITION. "A VOID JUDGMENT," THAT IS ONE ENTERED BY A COURT WHICH LACKS JURISDICTION OVER THE PARTIES, THE SUBJECT MATTER, OR LACKS INHERENT POWER TO ENTER THE PARTICULAR JUDGMENT, OR AN ORDER PROCURED BY FRAUD, CAN BE ATTACKED AT ANY TIME, IN ANY COURT, EITHER DIRECTLY OR COLLATERALLY, PROVIDED THE PARTY IS PROPERLY BEFORE THE COURT." LONG VS SHOREBANKDEVELOPMENT CORP. 182 F.3D 548 (7TH CIR. 1999), PEOPLE ex. rel. BRIZCA VS. VILLAGE OF LAKE BARRINGTON 268 ILL. APP. 3D 420.

## CONCLUSION

AFTER ADDRESSING ALL THE RESPONDENTS ISSUES IN THEIR "MOTION TO DISMISS", THE PETITIONER WOULD ASK THIS HONORABLE COURT TO ALLOW HIM TO PROCEDE FORWARD AND "BRIEF HIS ISSUES, AT THE VERY MINI- MUM; HIS VOID INDICTMENT CLAIM/JUDGMENT (ARGUMENTS 1-5 OF PETIONERS FEDERAL HABEAS CORPUS). ARGUMENTS 6 AND 7 OF PETITIONERS HABE ARE IN A GREY AREA AND PETITIONER WOULD RELUCTENTLY HONOR THE COURTS RULING IF HE WAS TO HAVE WAVED THOSE ISSUES, EVEN THOUGH PETITIONER IS INNOCENT OF ALL HIS CHARGES AGAINST HIM.

WHEREFORE THE PETITIONER PRAYS THIS HONORABLE COURT WILL GRANT THE PETITIONERS HABEAS CORPUS PETITION AND DISMISS THE RESPONDENTS "MOTION TO DISMISS" AND GRANT ANY OTHER RELIEF TO THE PETITIONER THIS COURT DEEMS FIT.

S/ _(signature)_

SIGNED BEFORE ME BY CHAD WAHL

ON THIS THE 30th DAY OF June, 2008.

_(signature)_ Paula R Murray
NOTARY PUBLIC

"OFFICIAL SEAL"
Paula R. McCray
NOTARY PUBLIC
STATE OF ILLINOIS
MY COMMISSION EXPIRES 11-29-2008

CERTIFICATE OF SERVICE

I HEREBY CERTIFY THAT ON 6-30 ,2008, I SENT PETITIONERS "RESPONSE TO RSPONDENTS MOTION TO DISMISS," WITH THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION, USING THE U.S. POSTAL SYSYTEM AND SEVICES AND SENT COPIES TO THE REFRENCED MOTION TO:

OFFICE OF CLERK OF THE U.S. DISTRICT COURT
PRISONER CORRESPONDENCE
UNITED STATES COURT HOUSE
219 SOUTH DEARBORN STREET
CHICAGO, ILLINOIS
    60604

LISA MADIGAN
ATTORNEY GENERAL OF ILLINOIS
C/O ERIC TRUETT
ASSISTANT ATTORNEY GENERAL
100 W. RANDOLPH STREET, 12TH FLOOR
CHICAGO, ILLINOIS
60601-3218

RESPECTFULLY SUBMITTED,

CHAD WAHL
B-52827
P.O. BOX 900
TAYLORVILLE, ILLINOIS
62568

S/ Chad Wahl

SIGNED BEFORE ME BY CHAD WAHL
ON THIS THE 30th DAY OF June ,2008.

Paula R McCray
NOTARY PUBLIC

"OFFICIAL SEAL"
Paula R. McCray
NOTARY PUBLIC
STATE OF ILLINOIS
MY COMMISSION EXPIRES 11-29-2008

**EXHIBIT ONE**

Multiple Count Indictment

Indictment: PEOPLE V. __CHAD E. WAHL__, Pg. __13__

General Number: __93 CF 1410__

THE GRAND JURY CHARGES THAT:

### Count Thirteen

On or about __JUNE OF 1991 THROUGH MARCH 5, 1992__

__CHAD E. WAHL__

committed the offense of __AGGRAVATED CRIMINAL SEXUAL ASSAULT__

__CLASS X FELONY__

in violation of Chapter __38__, Section __12-14(b)(1)__ of the Illinois Revised Statutes, as amended, in that said defendant, who was 17 years of age or older, intentionally committed an act of sexual penetration with Jesse Croff, who was under 13 years of age when the act was committed, in that said defendant placed his finger on the anus of Jesse Croff.

All of the foregoing occurred in Kane County, Illinois.

**EXHIBIT TWO COLLECTIVELY**

# ILLINOIS DEPARTMENT OF CORRECTIONS

4B

Taylorville Correctional Center / P.O. Box 1000 / Taylorville, IL 62568 / (217) 824-4004

# MEMORANDUM

DATE: 7.30.07

TO: Chad Wahl
B52807

FROM: Tom Peters
c/o 2 Dearborn ST
Chcgo IL 60601

SUBJECT: LEGAL/PRIVILEGED MAIL

On the above date, the attached Legal/Privileged mail was received. This mail was delivered to you and searched in your presence by:

c/o _M. Sly_____

Inmate's Signature _____

Number _B-52821_____

# THOMAS PETERS
ATTORNEY AT LAW
SUITE 1675
407 SOUTH DEARBORN STREET
CHICAGO, ILLINOIS 60605
TELEPHONE (312) 697-0022
FAX (312) 697-0812

July 26, 2007

Chad Wahl
Reg. No B52827
Taylorville Correctional Center

Route 29 South
P.O. Box 900
Taylorville, Il 62568

Dear Mr. Wahl:

    I am still reviewing the documents I received. I am returning to your mother some of the documents I have read and no longer need. My best estimate is that I will be done reading everything in 10 days.

Sincerely,

Thomas Peters

## THOMAS PETERS
ATTORNEY AT LAW
SUITE 1675
407 SOUTH DEARBORN STREET
CHICAGO, ILLINOIS 60605
TELEPHONE (312) 697-0022
FAX (312) 697-0812

October 8, 2007

Chad Wahl
Reg. No. B52827
Taylorville Correctional Center
P.O. Box 1000
Route 29 South
Taylorville, IL 62568

Dear Mr. Wahl;

I have completed my review of your case and there are issues that can be raised in a federal habeas. However, before going any further, I would appreciate a letter from you succinctly listing the issues you want raised. Many of the issues in your P.C. are cleverly framed as constitutional issues but, in fact, they are not constitutional claims. I want us to be on the same page so please outline the issues you want raised.

Sincerely,

*Thomas Peters*

Thomas Peters

# THOMAS PETERS
**ATTORNEY AT LAW**
SUITE 1675
407 SOUTH DEARBORN STREET
CHICAGO, ILLINOIS 60605
TELEPHONE (312) 697-0022
FAX (312) 697-0812

November 20, 2007

Chad Wahl
Reg. No. B 52827
P.O. Box 900
Taylorville, IL 62568

Dear Mr. Wahl:

In response to your letter of October 15, 2007, I will review each of the claims you suggested.

1. Whether the indictment is void is strictly an issue of Illinois law. No federal constitutional issue is raised so this issue is not a proper subject for a federal habeas petition.

2. Whether the expert was qualified to render an opinion also is a question of state law.

3. I agree the investigating officers's role is troubling but this too is a state law problem.

Please try to call me so we can discuss this further.

Sincerely,

Thomas Peters

Case 1:08-cv-01383   Document 16   Filed 07/07/2008   Page 15 of 15