IN THE
UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ex rel.<br>  CHAD WAHL,<br><br>                 Petitioner,<br><br>           v.<br><br>GREG SIMS, Warden,<br>  Taylorville Correctional Center,<br><br>                 Respondent. | )<br>)<br>)<br>)<br>)<br>)   No. 08 C 1383<br>)<br>)<br>)   The Honorable<br>)   Joan H. Lefkow,<br>)   Judge Presiding. |

### REPLY IN SUPPORT OF RESPONDENT'S MOTION TO DISMISS

Respondent GREG SIMS has moved this Court to dismiss the above-captioned Petition for Writ of Habeas Corpus because the petition is untimely under 28 U.S.C. § 2244(d)(1)(A). (Doc. 13). In support of that motion, and in response to petitioner's argument in opposition to that motion (Doc. 16), respondent states as follows:

1.     As respondent set forth in his motion to dismiss, the instant habeas petition, filed no earlier than February 19, 2008, is untimely as it was filed more than 365 days after the tolling period ended on January 24, 2007, when the Illinois Supreme Court denied petitioner's second postconviction PLA.

2.     Petitioner argues that he is entitled to equitable tolling because he made numerous attempts to secure counsel to file a § 2254 petition, and, after securing counsel, he was diligent in checking on counsel's progress in reviewing the state-court record. (Doc. 16 at 3-4). If AEDPA's limitations period may be equitably

tolled, such tolling may occur only where the petitioner has been pursuing his rights diligently and an external impediment has prevented a complaint from being timely filed. *See, e.g., Pace v. Diguglielmo*, 544 U.S. 408, 418 (2005) ("Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way"); *accord, e.g., Williams v. Sims*, 390 F.3d 958, 960 (7th Cir. 2004) (doctrine of equitable tolling is applicable to "situations in which, without fault by the defendant, the plaintiff is *unable* to sue within the statutory period") (emphasis added). Even assuming that petitioner has demonstrated diligence, he has not identified "extraordinary circumstances," *e.g.*, an external barrier to filing a timely petition. Any delay in securing counsel or in counsel reviewing the state-court record is attributable to petitioner and thus does not constitute an "extraordinary circumstance." *See Modrowski v. Mote*, 322 F.3d 965, 968 (7th Cir. 2003); *see also Lane v. Richards*, 957 F.2d 363, 365 (7th Cir. 1992) (no right to counsel on collateral attack of conviction means that, in the face of delay, prisoner must choose between timely action and assistance of counsel).

    3.    Petitioner further argues that "a void judgment may be attacked at any time," and thus his claims are not barred by § 2244(d). (Doc. 16 at 6). However, under the *Rooker-Feldman* doctrine, a federal district court generally lacks subject-matter jurisdiction to review a state-court judgment. *See, e.g., Hoover v. Wagner*, 47 F.3d 845, 848-849 (7th Cir. 1995). The only federal mechanism for attacking petitioner's judgment of conviction is the federal habeas statute. *DeWalt v. Carter*,

224 F.3d 607, 614 (7th Cir. 2000) (Congress designated the federal habeas statute "as the exclusive federal remedy for state prisoners who challenge the fact or duration of their confinement") (citing *Preiser v. Rodriguez*, 411 U.S. 475, 489-90 (1973)).  That statute contains a one-year limitations period that applies regardless of the nature or merits of the petitioner's claim.[1]  *See* 28 U.S.C. § 2244; *see also Escamilla v. Jungwirth*, 426 F.3d 868, 872 (7th Cir. 2005); *Johnson v. McBride*, 381 F.3d 587, 590 (7th Cir. 2004).  *Long v. Shorebank Development Corp.*, 182 F.3d 548 (7th Cir. 1999), does not hold to the contrary — that case merely states that a federal court need not give preclusive effect to a void judgment.  *Id.* at 560-61.  But res judicata does not apply here because the federal habeas statute not only permits but requires that a prisoner first litigate a claim in state court prior to obtaining federal review of that claim.  *Brown v. Allen*, 344 U.S. 443 (1953); *see also* 28 U.S.C. § 2254(b)(1)(A).

     4.    In short, the federal habeas statute creates an exception to the *Rooker-Feldman* doctrine as well as to res judicata by permitting a federal district court to review a state-court judgment of conviction.  *See, e.g., Hoover*, 47 F.3d at 848-849.  It is the exclusive means by which a state prisoner may challenge his judgment of conviction in a lower federal court, and any such challenge must comport with the one-year limitations period.  *Escamilla*, 426 F.3d at 872 (noting that all federal habeas claims are subject to the limitations period and further explaining that "courts cannot alter the rules laid down in the text" of the habeas statute).

---

[1] The Illinois Habeas Corpus Act, 735 ILCS 5/10-113, *et seq.*, contains no statute of limitations.

3

## **CONCLUSION**

For the foregoing reasons, and for the reasons set forth in respondent's motion to dismiss, this Court should grant respondent's motion and dismiss the instant petition with prejudice. If the Court determines that petitioner's habeas petition is not time-barred under AEDPA, respondent respectfully requests 30 days from the Court's order denying this motion to address the merits and/or the procedural defaults of petitioner's claims in a subsequent submission.

July 16, 2008                                  Respectfully submitted,

                                               LISA MADIGAN
                                               Attorney General of Illinois

                           By:   s/Eric W. Truett
                                 ERIC W. TRUETT, Bar # 6291213
                                 Assistant Attorney General
                                 100 W. Randolph Street, 12th Floor
                                 Chicago, Illinois 60601-3218
                                 PHONE: (312) 814-4684
                                 FAX: (312) 814-2253
                                 E-MAIL: etruett@atg.state.il.us

CERTIFICATE OF SERVICE

I hereby certify than on July 16, 2008, I electronically filed respondent's **REPLY IN SUPPORT OF RESPONDENT'S MOTION TO DISMISS** with the Clerk of the United States District Court for the Northern District of Illinois, Eastern Division, using the CM/ECF system, and on the same date mailed copies of these documents via the United States Postal Service to the following non-CM/ECF user:

Chad Wahl, B-52827
Taylorville Correctional Center
Route 29 South
P.O. Box 900
Taylorville, Il 62568

                                              s/Eric W. Truett
                                              ERIC W. TRUETT, Bar # 6291213
                                              Assistant Attorney General
                                              100 W. Randolph Street, 12th Floor
                                              Chicago, Illinois 60601-3218
                                              PHONE: (312) 814-4684
                                              FAX: (312) 814-2253
                                              E-MAIL: etruett@atg.state.il.us