IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ex rel. CHAD WAHL, | ) ) ) |
| Petitioner, | ) ) |
| v. | ) ) |
| GREG SIMS, Warden, Taylorville Correctional Center, | ) ) ) |
| Respondent. | ) ) |

08CV1383

No. 08 C 1383

Judge Joan H. Lefkow

## MEMORANDUM OPINION AND ORDER

Chad Wahl filed a pro se petition for a writ of habeas corpus under 28 U.S.C. § 2254. Wahl is presently incarcerated at the Taylorville Correctional Facility in Taylorville, Illinois, where he is in the custody of respondent, Greg Sims, the warden of that facility. Before the court is respondent's motion to dismiss the petition as time barred pursuant to 28 U.S.C. § 2244(d)(1). For the reasons set forth below, the motion [#13] is granted.

### BACKGROUND

Wahl was convicted of six counts of aggravated criminal sexual abuse, one count of aggravated criminal sexual assault, and one count of attempted aggravated criminal sexual assault following a jury trial in the Circuit Court of Kane County. In total, he was sentenced to 41 years imprisonment.

The state appellate court affirmed the conviction and sentence on December 12, 1996. Wahl filed a petition for leave to appeal ("PLA") that the Illinois Supreme Court denied on

April 2, 1997. Wahl did not file a petition for writ of certiorari to the United States Supreme Court.

On January 21, 1997, Wahl filed a pro se post-conviction petition pursuant to 725 Ill. Comp. Stat. 5/122-1 *et seq.*, in the Circuit Court of Kane County. In August 1998, Wahl filed an amended post-conviction petition. The trial court dismissed the post-conviction petition in May 1999, and the state appellate court affirmed on March 5, 2001.

Wahl filed a second, amended petition on October 14, 2003, which the trial court denied and the state appellate court later affirmed on October 24, 2006.[1] The Illinois Supreme Court denied Wahl's petition for leave to appeal on January 24, 2007.

The court received the instant petition for habeas relief on March 7, 2008. Rule 3(d) of the Rules Governing Section 2254, however, provides for a "mailbox rule" in federal habeas cases: "A paper filed by an inmate confined in an institution is timely if deposited in the institution's internal mailing system on or before the last day for filing." *Id.* Although there is no evidence indicating when Wahl mailed the petition, the document appears to have been signed by Wahl on February 19, 2008. The earliest date on which the petition could have been mailed, therefore, is February 19, 2008. Giving Wahl the benefit of the doubt, the court, for the purposes of this motion to dismiss, will consider the petition to have been filed on February 19, 2008.

## DISCUSSION

Federal law imposes a one-year statute of limitations on habeas corpus petitions filed under 28 U.S.C. § 2254. Section 2244(d)(1) provides that the limitations period runs from the latest of four possible dates: (A) the date the judgment became final by the conclusion of direct

---

[1] It appears that petitioner attempted to file a second post-conviction petition pro se on September 24, 1999, but for unknown reasons, that petition was never docketed.

2

review or the expiration of the time for seeking such review; (B) the date the impediment to filing an application created by state action in violation of federal law is removed, if the applicant was prevented from filing by such state action; (C) the date the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (D) the date the factual predicate of the claims presented could have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1)(A)–(D).

Because no showing or argument has been made that any of § 2244(d)(1)(B), (C) or (D) applies in this case,[2] section 2244(d)(1)(A) is applicable here. Under that provision, Wahl's habeas petition is time barred if his state conviction became final prior to February 19, 2007, i.e., more than one year before he filed the petition.

In the motion to dismiss, respondent argues that the state conviction became final on January 24, 2007, the date the Illinois Supreme Court denied Wahl's second post-conviction PLA. In his petition, Wahl asserts that the Illinois Supreme Court denied his second post-conviction PLA on March 1, 2007. It appears, however, that Wahl has confused the date the Supreme Court denied the PLA (January 24, 2007) with the date the Supreme Court stated the mandate would issue to the Illinois Appellate Court (March 1, 2007). *See* Respondent's Mot. to Dismiss, Ex. H. State law controls the issue of when a state action is final. *Wilson* v. *Battles*, 302 F.3d 745, 747 (7th Cir. 2002). The judgment of an Illinois Court of Appeals is final on the day it is entered, not when the mandate issues. *Gilden* v. *Bowen*, 384 F.3d 883, 887 (7th Cir.

---

[2] Indeed, with respect to with § 2244(d)(1)(D), Wahl asserts in his response to the motion to dismiss that "the petitioner has *never* mentioned anything about newly discovered evidence in his petition." Petitioner's Resp. at 4 (emphasis in original).

3

2004); *Wilson*, 302 F.3d at 747. Because the order denying Wahl's post-conviction PLA was entered on January 24, 2007, the limitations period expired on January 24, 2008, more than three weeks before Wahl mailed his petition.

Under certain circumstances the § 2244(d) limitations period may be subject to equitable tolling. To be entitled to equitable tolling, a habeas petitioner must show (1) that he has been pursuing his rights diligently and (2) that some extraordinary circumstance stood in his way and prevented timely filing. *Lawrence v. Florida*, 549 U.S. 327, 336, 127 S. Ct. 1079, 166 L. Ed. 2d 924 (2007) (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 417, 125 S. Ct. 1807, 161 L. Ed.2d 669, 678 (2005)).[3]

Wahl asserts in his response memorandum that he and his family made multiple phone calls and sent a number of letters to a lawyer, Thomas Peters, whom Wahl thought he had retained, but Peters never responded. Wahl also asserts that he and his family attempted to contact other attorneys, but either the calls went unreturned or the anticipated legal fees were too high. While these actions may constitute efforts to secure his rights, they do not suggest extraordinary circumstances and are, therefore, insufficient to warrant equitable tolling. The Seventh Circuit has established that equitable tolling is not justified by either a lack of response from one's attorney, *Montenegro v. United States*, 248 F.3d 585, 594 (7th Cir. 2001), *overruled on other grounds by Ashley v. United States*, 266 F.3d 671 (7th Cir. 2001), or attorney

---

[3] The court notes that the Supreme Court did not address in *Lawrence* whether § 2244(d) actually allows for equitable tolling. 549 U.S. at 336. Rather, the Court assumed, without deciding, that equitable tolling is available because the parties in that case agreed that it was available. *Id.*

4

negligence. *Modrowski v. Mote*, 322 F.3d 965, 967 (7th Cir. 2003). Equitable tolling is thus not applicable here.

Finally, in arguing that his claims are not time barred, Wahl argues that his judgment is void because of a mistake in statutory construction.[4] Wahl quotes *Long v. Shorebank Development Corp.*, 182 F.3d 548 (7th Cir. 1999), for the proposition that "[a] void judgment, 'that is, one entered by a court which lacks jurisdiction over the parties, the subject matter, or lacks inherent power to enter the particular judgment, or an order procured by fraud, can be attacked at any time, in any court, either directly or collaterally, provided that the party is properly before the court.'" *Id.* at 561 (quoting *People ex rel. Brzica v. Village of Lake Barrington*, 644 N.E.2d 66, 69–70, 268 Ill. App. 3d 420, 205 Ill. Dec. 850 (1994)). On the basis of this principle, Wahl argues that his federal habeas petition "can never be time barred." Petitioner's Resp. at 3. Courts have routinely held that such logic is obviously flawed. *E.g.*, *Alpern v. Fisher*, No. 96 C 1766, 1996 WL 675781, at *4 (N.D. Ill. Nov. 19, 1996) (Williams, J.). Even the language he quotes from *Long* makes clear that in order to attack a judgment as void, a party must be "properly before the court." *Id.* Because Wahl did not file his federal habeas petition within the limitations period under § 2244(d) and equitable tolling is not available, those claims are time-barred, regardless of his assertion that his indictment was void. *Watt v. Sigler*, No. 05 C 3909, 2006 WL 2038607, at *2 (N.D. Ill. July 18, 2006).

---

[4] This argument appears to be the same as that asserted in Claim C of his petition: that Count 13 of his indictment charged him with merely "placing his finger 'on' the anus" of one of his victims, which does not constitute sexual penetration—the charge for which he was convicted and punished—under Illinois law.

5

## CONCLUSION

For the reasons stated above, respondent's motion to dismiss [#13] is granted. Case is terminated.

Dated: February 5, 2009

Enter: *Joan Humphrey Lefkow*

JOAN HUMPHREY LEFKOW
United States District Judge